IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **BENJAMIN SNYDER**<br><br>    **Plaintiff,**<br><br>v.<br><br>**EXIDE TECHNOLOGIES**<br>**Serve Resident Agent:**<br>**The Corporation Company, Inc.**<br>**112 SW 7TH Street, Suite 3C**<br>**Topeka, Kansas 66603**<br><br>    **Defendants.** | Case No. 10-CV-2473 CM/DJW<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, Benjamin Snyder ("Plaintiff"), by and through his attorneys, and alleges the following against Defendant Exide Technologies:

### NATURE OF THE CLAIM

1. This action for legal and equitable relief arises under, and the jurisdiction of this Court is invoked pursuant to, § 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)5(f) (3), (hereinafter referred to as "The Act"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et. seq.*, and 28 U.S.C. § 1331 (federal question).

### PARTIES

2. Mr. Snyder is a male citizen of the United States and a resident of Kansas City, Clay County, Missouri. At all times relevant herein, he was employed by Defendant Exide Technologies at its facility in Kansas City, Kansas.

3. Exide is a foreign for profit corporation, organized in the state of Delaware, and authorized to do business in the state of Kansas.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this case pursuant to 28 U.S.C. §1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

6. On or about June 30, 2009, Mr. Snyder filed a timely Charge of Discrimination with the Equal Employment Opportunities Commission (EEOC). A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.

7. On or about June 3, 2010, the EEOC mailed Mr. Snyder his right-to-sue notice pursuant to Title VII. A Copy of the right-to-sue notice is attached hereto as Exhibit B and is incorporated herein by reference.

8. This action has been filed with this Court within 90 days of Mr. Snyder's receipt of his right-to-sue notice from the EEOC. Mr. Snyder has therefore fully complied with all administrative prerequisites before filing this action.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was employed by Defendant as a Maintenance Technician from approximately October 2006 until April 21, 2009.

10. Plaintiff was diagnosed with major depression approximately 2004 or 2005. In approximately February 2009, Plaintiff's condition deteriorated, and he sought protection under the Family and Medical Leave Act (FMLA).

11. Plaintiff sought treatment from his primary care physician, Dr. Robert Drogan.

12. On March 10, 2010, Kerry Kimberline, a nurse practitioner under Dr. Drogran's

supervision, completed an FMLA certification, and opined that Plaintiff's condition could require him to take leave one to two days per week, two to three times per month.

13. Both Dr. Drogan and Nurse Kimberline also told Plaintiff that the severity of his condition was such that they would certify additional leave if Plaintiff requested it.

14. Plaintiff presented this certification to Defendant. Defendant rejected the FMLA certification, stating only that it would not accept the opinion of a nurse practitioner.

15. Defendant then required Plaintiff to see Michael Harrison, Ph.D., a psychologist whose name appeared on a list provided by Defendant.

16. Dr. Harrison's opinion differed from the opinion of nurse Kimberline, in that Dr. Harrison believed that Plaintiff would require less leave than nurse Kimberline had opined. However, Dr. Harrison also told Plaintiff that he would certify additional time off if Plaintiff requested it.

17. Management approved Plaintiff's request for leave under the FMLA, but expressly adopted the opinion of Dr. Harrison.

18. Plaintiff's condition required him to be absent on numerous occasions prior to his termination, in excess of the opinions expressed in the FMLA certifications. Although Dr. Drogan informed Plaintiff that he could provide documentation supporting additional time off, Plaintiff did not seek such documentation from Dr. Drogan's office because management had told him that it would not accept that opinion. Plaintiff was unable to get an appointment with Dr. Harrison regarding additional certification for time off.

19. In numerous phone calls with Defendant's management officials, Plaintiff apprised Defendant's management that his condition had deteriorated, that he could not work, and that he was waiting for his medications to take effect before his condition would stabilize.

20. Although Management was aware that Plaintiff was experiencing an exacerbation in his condition, and that he was waiting for his medication to take effect, on or about April 7, 2009, management changed Plaintiff's schedule so that he would have to be present for more days than his previous schedule, and they changed his schedule from nights to days.

21. Defendant terminated Plaintiff on April 21, 2009, when he reached 10 "points" over the rolling year.

## COUNT I, DISABILITY DISCRIMINATION

22. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

23. Plaintiff's depression substantially limited his daily life activities.

24. Plaintiff was an otherwise qualified individual able to perform the essential functions of his job with reasonable accommodations.

25. Defendant was aware of Plaintiff's disabling condition, and that he needed additional time off so that his medications could take effect before he could return to work on a regular basis.

26. Plaintiff could have provided additional medical documentation to support his need for additional leave, but did not do so because management told him that it would not accept the opinion of Dr. Drogan's office, and Plaintiff was unable to get an appointment to see Dr. Harrison, both because of Dr. Harrison's schedule and because of financial constraints.

27. Management did not make a good faith effort to accommodate Plaintiff's covered disability.

28. Management could have accommodated Plaintiff's covered disability but for the lack of good faith.

29. Management discriminated against Plaintiff by changing his work schedule to require him to be present more days and on days rather than nights, despite their knowledge that he was waiting for his medications to take effect so that his condition would stabilize.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination based on his disability, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment; for his costs expended; for his reasonable attorneys' and expert' fees; and for such other and further relief the Court deems just and proper.

## COUNT II, VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

30. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

31. Plaintiff qualified for leave under the FMLA.

32. Defendant interfered with Plaintiff's right to leave under the FMLA by unlawfully rejecting the opinion of a nurse practitioner regarding the extent of Plaintiff's serious health condition.

33. Because Defendant had unlawfully rejected the nurse practitioner's opinion, and Plaintiff could not return to that office to seek certification for additional leave, which the office had previously said that it would provide.

34. Defendant's unlawful action in rejecting the opinion of the nurse practitioner interfered with Plaintiff's rights under the FMLA, because it prohibited him from obtaining

additional certification for additional leave to which he was entitled under the FMLA.

35.     Defendant required Plaintiff to obtain a second opinion regarding his condition, and management expressly adopted that opinion.

36.     Defendant's action in requiring Plaintiff to seek a second opinion interfered with Plaintiff's rights under the FMLA because the opinion from Plaintiff's treating doctor was acceptable under the regulations, because, even if the opinion were unacceptable, Plaintiff was not given an opportunity to cure any alleged deficiency, and because Defendant expressly declined to comply with the applicable regulations and obtain a third opinion regarding the severity of Plaintiff's condition.

37. As a direct result of Defendant's unlawful conduct, Plaintiff has lost wages and other valuable benefits.

38. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered emotional distress and loss of enjoyment of life.

39.     Defendant's conduct was willful, and therefore, Plaintiff is entitled to liquidated damages under the FMLA.

40. Plaintiff is entitled to attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays this Court adjudges and decrees the acts, practices, conduct and procedures of Defendant complained of herein violated the rights of Plaintiff under 29 U.S.C. §§ 2601 *et seq.*, order Defendant to make Plaintiff whole by awarding wages, salary, employment benefits, and compensation for emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life to Plaintiff and interest thereon; award the Plaintiff an additional amount as liquidated damages equal to the sum of these damages and the interest on that amount; grant to Plaintiff his attorney's fees, legal costs and

expenditures incurred in connection herewith; grant to Plaintiff a trial by jury on all claims or issues so triable as presented herein; order Defendant to reinstate Plaintiff; and, grant such other legal or equitable relief as the Court may deem just under the circumstances.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

Respectfully submitted,

/s/ Heather J. Schlozman
**DUGAN SCHLOZMAN LLC**
Mark V. Dugan           D. Kan. # 70685
mark@duganschlozman.com
Heather J. Schlozman    D. Kan. # 23869
heather@duganschlozman.com
7001 W. 79th Street, Suite 102
Overland Park, KS 66204
Ph 913-322-3528
Fax 913-894-1686

**COUNSEL FOR PLAINTIFF**